UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AFCO INDUSTRIES, INC., | CIVIL ACTION NO. 15 - CV - 2423 |
|     Plaintiff | |
| | |
| VERSUS | JUDGE |
| | |
| METAL ROOF INNOVATIONS, LTD. | |
|     Defendant | MAG. JUDGE |

## COMPLAINT

AFCO Industries, Inc. ("**AFCO**" or "**Plaintiff**"), files this Complaint, seeking declaratory judgment pursuant to 28 U.S.C. § 2201(a) and recovery for AFCO's state law claims of such other amounts as may be recoverable by law, including any damages, related interest, costs, and attorney fees. AFCO hereby brings this action, petitions the Court, and alleges as follows:

## PARTIES

1.

The Plaintiff, AFCO, is a Texas corporation with its principle place of business in Alexandria, Louisiana.

2.

The Defendant, Metal Roof Innovations, Ltd. ("**Defendant**" or "**MRIL**"), is a Colorado corporation with its principle place of business in Colorado Springs, Colorado, and may be served personally at its publicly identified address for service of process 8655 Table Butte Rd., Colorado Springs, Colorado 80908.

## FACTUAL BACKGROUND

3.

MRIL is in the business of designing, producing, manufacturing, and marketing metal roof accessories throughout the world.

4.

AFCO is in the business of manufacturing building-products, including providing fabricated aluminum components for other manufacturers with services that include extruding, machining, welding, precision cutting, punching, and powder coating.

5.

MRIL has contracted with AFCO to manufacture and produce "metal roof snow guards or roof attachments parts," which are components and/or completed assemblies which MRIL then sells to its customers. In connection with AFCO selling parts to MRIL, MRIL demanded that AFCO execute a "Confidentiality/Noncompete Agreement" (the "**Agreement**"), which was done on September 5, 2006, attached hereto as Exhibit A.

6.

The Agreement states in relevant part:

> **Non-competition**. Manufacturer acknowledges that because of its skills, its relationship with MRIL, and the Confidential Information that Manufacturer shall be provided on account of such relationship, any competition by Manufacturer with MRIL could damage MRIL in a manner that could not be adequately compensated by damages or an action at law. In view of such circumstances, and in consideration for the mutual undertakings set forth below, the parties agree that during the term of this agreement and for a period of five (5) years after termination hereof ("Restrictive Period"), Manufacturer shall not directly or indirectly own, manage, operate, or control, any business regardless of location, which directly competes with products currently being manufactured by Manufacturer for MRIL. **In addition, to the extent such action is legal under the applicable state and federal antitrust laws, Manufacturer agrees during the Restrictive Period not to sell manufacturing services or products used for the purpose of metal roof snow guards or roof**

**attachment parts to any entity other than MRIL**.

(Agreement ¶ 3, emphasis added.) (hereinafter known as the "**Non-Competition Provision**").

7.

The activities of MRIL that are subject to this action are within the flow of, and substantially affected by, interstate trade and commerce within the United States, including trade and commerce to, from, and within the States of Louisiana and Colorado.

8.

AFCO has not employed proprietary knowledge, skill or expertise from MRIL in the setup for, or manufacture of any products for anyone, including MRIL. The only information provided by MRIL to AFCO, which was used exclusively in the setup for or manufacture of products for MRIL, comprises individual product dimensions and configurations which are readily determined from the finished products sold to the public by MRIL. AFCO has not and has no intention in the future to use any of the information provided by MRIL to setup for or manufacture products for anyone other than MRIL.

9.

After representatives of MRIL witnessed AFCO attending, and participating in, the Solar Power International trade show in 2010, representatives of MRIL attempted to enforce the Non-Competition Provision by prohibiting AFCO from producing metal roof attachments parts for the solar power industry or participating in the Solar Power International trade show–even threatening litigation.

## JURISDICTION

### Diversity Jurisdiction

10.

AFCO is the only plaintiff in this action and for the purposes of 28 U.S.C. § 1332, is a citizen of the States of Louisiana and Texas.

11.

MRIL is the only defendant in this action and for the purposes of 28 U.S.C. § 1332, is a citizen of the State of Colorado.

12.

In an action seeking declaratory relief, the value of the object of the litigation determines the amount in controversy for purposes of diversity jurisdiction. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Federal courts determine the value of the "object of the litigation," not by looking at a particular procedural tool employed, but rather by looking at the value of damages that will be determined by employing the particular procedural tool. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 640 (5th Cir. 2003).

13.

The object of the declaration sought by AFCO is the ability to manufacture and sell custom shop and custom produced parts to customer specifications in the metal roof attachments industry without exposure to liability for breach of the non-competition provision in the Agreement. If AFCO should prevail in securing a declaration that the non-competition provision is invalid and unenforceable, then the amount in controversy will exceed $75,000.00.

14.

This amount, along with any amounts from damages and attorney fees recoverable under AFCO's state law claims, support a finding that the total amount in controversy in this litigation will be in excess of $75,000.00 exclusive of interest and costs. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.

Because complete diversity exists between the parties herein, and because the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, the United States District Court for the Western District of Louisiana is vested with original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332.

**Federal Question & Supplemental Jurisdiction**

16.

This is an action for a declaratory judgment, pursuant to Title 28, United States Code, Sections 2201, seeking a declaration that the "non-competition" provision found in the Agreement, is null and void and unenforceable as a violation of public policy, and would operate as an unlawful contract in restraint of trade or commerce among the several States in violation of § 1 of the Sherman Act (15 U.S.C. § 1) ("**Federal Claims**").

17.

This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Sections 1331 in that consideration of AFCO's declaratory judgment requires an application of federal law.

18.

AFCO also makes certain state court claims that are based upon the invalidity of the same Non-Competition Provision in the contract as the Federal Claims (the "**State Court Claims**"), thereby rendering the State Court Claims so related to the Federal Claims that they form part of the same case or controversy under Article III of the United States Constitution. *See Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 85 (1st Cir. 2010); *In re Lease Oil Antitrust Litig.* (No. II), 186 F.R.D. 403, 417 (S.D. Tex. 1999) (finding that federal antitrust claims gave rise to supplemental jurisdiction over state contract claims based upon same behavior).

19.

Because the remaining state law causes of action arise from the same "nucleus of operative fact" as the Sherman Act claims, this Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) and the Court therefore has subject matter jurisdiction over AFCO's State Court Claims.

**VENUE**

20.

Venue in this district is proper pursuant to Title 28, United States Code, Sections 1391(b)(2), in that the Western District of Louisiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred because AFCO manufactures the metal roof snow guards or roof attachments parts that are at issue in this litigation in the Western District of Louisiana.

21.

MRIL is subject to the personal jurisdiction of the State of Louisiana and MRIL's contacts would be sufficient to subject it to personal jurisdiction of the Western District of Louisiana if the Western District of Louisiana were a separate State because MRIL purposefully availed itself of the Western District of Louisiana by contracting with AFCO, a company with its principal place of business in the Western District of Louisiana. Pursuant to Title 28, United States Code, Sections 1391(d), MRIL is therefore deemed to reside in the Western District of Louisiana. Therefore, venue in this district is also proper pursuant to Title 28, United States Code, Sections 1391(b)(1), in that MRIL resides in the Western District of Louisiana and MRIL is the only defendant in this action.

## COUNT I

### Declaratory Judgment of Illegal Restraint on Trade

22.

Paragraphs 1-21 are incorporated in this Count by reference.

23.

Pursuant to 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

24.

The question of the validity of the Non-Competition Provision is a justiciable claim as there is an actual controversy between the parties because MRIL claims that any actions in violation of the anti-competition provision are a breach of the Agreement, and such claims may subject AFCO to liability.

25.

The Court has authority to hear this matter because the Court has federal question, supplemental, and diversity jurisdiction, and the Anti-Injunction Act does not apply because there is no pending state court action between the parties. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). Moreover, the Court should hear this matter because of the presence of significant federal law issues relating to restraint of competition and trade.

26.

Louisiana Revised Statute § 23:921(A)(1) declares that "[e]very contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every

contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable."

27.

Non-competition agreements, therefore, not meeting the requirements of any of the exceptions provided by Louisiana Revised Statute § 23:921, are against public policy and null and void. *Aon Risk Servs. of Louisiana, Inc. v. Ryan*, 807 So. 2d 1058, 1061 (La. App. 4 Cir. 2002).

28.

The Agreement between MRIL and AFCO does not meet the requirements of any of the exceptions of Louisiana Revised Statute § 23:921 and therefore violates the public policy of Louisiana.

29.

Pursuant to 28 U.S.C. § 2201(a), § 2202, and Federal Rules of Civil Procedure 57 and 65, this Court may issue an order, declaring the Non-Competition Provision null and void and enjoining MRIL from further seeking to enforce the Non-Competition Provision.

## COUNT II

### Federal and Louisiana Anti-trust Claims

30.

Paragraphs 1-29 are incorporated in this Count by reference.

31.

The Non-Competition Provision contained in Paragraph 3 of the Agreement, quoted above in paragraph 6 expressly provides that "Manufacturer agrees during the Restrictive Period not to sell manufacturing services or products used for the purpose of metal roof snow guards or roof

attachment parts to any entity other than MRIL." This is an agreement between competitor businesses to not compete for customers.

32.

If adhered to by AFCO and MRIL, after termination of all other manufacturing agreements, the last sentence of Paragraph 3 of the Agreement has no purpose but to limit competition between competitors as to their respective customers. Thus, the ability of customers to choose between AFCO and MRIL supplied products for "metal roof snow guards or roof attachments parts" would be unlawfully limited by the Agreement.

33.

Agreements between competitors at the same level of the market structure to allocate territories, fix prices or otherwise minimize competition-referred to as "horizontal restraints"-are classic examples of *per se* violations of § 1 of the Sherman Act. The provision of the Agreement by which AFCO and MRIL agree not to sell products to any current or potential customers of MRIL is exactly the kind of limitation that is a *per se* violation of the Sherman Act.

34.

Other provisions of the Non-Competition Provision, viewed as "vertical restraints" are unreasonable under a "rule of reason" analysis. Under this rule, the factfinder weighs all of the circumstances of a case in deciding whether a restrictive practice should be prohibited as imposing an unreasonable restraint on competition.

35.

Restraints on AFCO imposed by the Non-Compete Provision of the Agreement are unreasonable in that no MRIL confidential information was employed in the setup for, or manufacture of, components for MRIL or metal roof snow guards or roof attachments parts. Under

the Sherman Act, the criterion to be used in judging the validity of a restraint on trade (that is not *per se* invalid) is its impact on competition. Restrictions on AFCO competing with MRIL after AFCO no longer manufactures items for MRIL are a naked restriction of competition and harmful to consumers of the manufactured items, and are thus unjustified and unreasonable in the meaning of the Sherman Act.

36.

Violations of federal antitrust law also constitute violations of Louisiana's antitrust law at Louisiana Revised Statute § 51:121, *et. seq. Felder's Collision Parts, Inc. v. Gen. Motors Co.*, CIV.A. 12-646-JJB, 2013 WL 1681175 (M.D. La. Apr. 17, 2013).

37.

Pursuant to 28 U.S.C. § 2201(a), § 2202, and Federal Rules of Civil Procedure 57 and 65, this Court may issue an order, declaring the Non-Competition Provision null and void as a violation of the federal and Louisiana antitrust laws and enjoining MRIL from further seeking to enforce the Non-Competition Provision.

### COUNT III

### Louisiana Unfair Trade Practices Act

38.

Paragraphs 1-37 are incorporated in this Count by reference.

39.

The Louisiana Unfair Trade Practices and Consumer Protection Law declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. § 51:1405(A).

40.

"A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious." *Indest-Guidry, Ltd. v. Key Office Equip.*, Inc., 2008-599 (La. App. 3 Cir. 11/5/08), 997 So. 2d 796, 806; *Jefferson*, 713 So. 2d at 792.

41.

By attempting to enforce a non-competition provision that is unlawful and in violation of Louisiana public policy, MRIL committed an unfair practice under the Louisiana Unfair Trade Practices and Consumer Protection Law. *See Gearheard v. De Puy Orthopaedics, Inc.*, CIV.A.99-1091, 2000 WL 533352 (E.D. La. Mar. 17, 2000).

42.

AFCO is accordingly entitled to its actual damages and reasonable attorney fees and court costs resulting from MRIL's violations of the Louisiana Unfair Trade Practices and Consumer Protection Law. La. R.S. 51:1409(A).

## COUNT IV

### Intentional Interference with Contractual Relations

43.

Paragraphs 1-41 are incorporated in this Count by reference.

44.

Louisiana Civil Code Article 2315 creates liability for every person's act that causes damage to another through his fault.

45.

MRIL owed AFCO a duty not to enforce an illegal non-competition agreement against AFCO. *See Preis v. Standard Coffee Serv. Co., a Div. of Wm. B. Reilly & Co., Inc.*, 545 So. 2d 1010, 1013 (La. 1989).

46.

MRIL breached that duty by intentionally attempting to enforce the non-competition provision in the Agreement.

47.

As a result of MRIL's breach, AFCO has suffered damages, including lost profits from sales allegedly prohibited by the non-competition provision.

48.

AFCO is entitled to a just and adequate compensation for the damages it has suffered as a result of MRIL's breach.

**WHEREFORE**, the Plaintiff prays for relief as follows:

(1) For judgment in favor of Plaintiff, AFCO Industries, Inc., and against Defendant, Metal Roof Innovations, Ltd., declaring the non-competition provision (Paragraph 3) of the "Confidentiality/Noncompete Agreement" null and void;

(2) For judgment in favor of Plaintiff, AFCO Industries, Inc., and against Defendant, Metal Roof Innovations, Ltd., enjoining MRIL from further seeking to enforce the non-competition provision (Paragraph 3) of the "Confidentiality/Noncompete Agreement;"

(3) For judgment in favor of Plaintiff, AFCO Industries, Inc., and against Defendant, Metal Roof Innovations, Ltd., in such amount as may be properly due to Plaintiff under the evidence under the Louisiana Unfair Trade Practices and Consumer Protection Law, as actual damages, reasonable attorney fees, and court costs, plus interest on all such amounts, as provided by law;

(4) For judgment in favor of Plaintiff, AFCO Industries, Inc., and against Defendant, Metal Roof Innovations, Ltd., in such amount as may be properly due to Plaintiff under the evidence under Louisiana Civil Code Article 2315, as a just and adequate compensation for the damages Plaintiff, AFCO Industries, Inc., has suffered as a result of the fault of Defendant, Metal Roof Innovations, Ltd., plus interest on all such amounts, as provided by law; and

(6) For all such other relief as may be deemed equitable and proper.

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

Dated: September 25, 2015    By:    s/ Stephen A. LaFleur
    Gregory B. Upton, T.A.    #17177
    Stephen L. Lafleur    #28648
    Jonathan D. Stokes    #34111
    P.O. Box 6118
    2001 MacArthur Drive
    Alexandria, LA 71307-6118
    (318) 445-6471    (318) 445-6476 (fax)

**ATTORNEYS FOR AFCO INDUSTRIES, INC.**